Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6366 | **DATE** | 5/17/2004 |
| **CASE TITLE** | DIRECTV, Inc. vs. Robert Adrian, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 6/10/2004 at 11:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motions of defendants Lewis and Vanderploeg are denied as to dismiss under Rule 21 (20-1, 36-1) but are granted as to sever (20-2, 36-2). Defendants Lewis and Vanderploeg's motions to dismiss Count III and V (19-1, 43-1) are moot. It is hereby ordered that defendants Joseph Chivini, Stanley Dybas, Ozie Lewis, Jim Stewart, Elmo Toda, Thaddeus Toomer, and Ken Vanderploeg are severed, and plaintiff is allowed to file separate proceedings with the Clerk of the Court as to said defendants who have been severed from this case by 6/7/04. Case remains pending as to the first named defendant Robert Adrian.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 18 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 49 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/17/04 | |
| | | | date mailed notice | |
| CW | courtroom deputy's initials | | cw | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIRECTV, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 6366 |
| | ) | Paul E. Plunkett, Senior Judge |
| ROBERT ADRIAN, JOSEPH CHIVINI, | ) | |
| SG CORNELL, STANLEY DYBAS, | ) | |
| JACK KURNYTA, OZIE LEWIS, JIM | ) | |
| STEWART, ELMO TODA, | ) | |
| THADDEUS TOOMER and | ) | |
| KEN VANDERPLOEG, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
MAY 1 8 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff DIRECTV, Inc. ("Directv") has sued a number of individual defendants under federal and state law for possession and use of illegal devices and equipment designed to intercept Directv's encrypted satellite communications. Defendants Ozie Lewis ("Lewis") and Ken Vanderploeg ("Vanderploeg") have filed motions to dismiss or sever for improper joinder. They have also filed motions to dismiss two of the claims against them. For the reasons stated below, the motions are granted in part and denied in part.

## Background

We accept the allegations in the complaint as true for purposes of this motion. The following recitation is taken from the complaint. Directv, a California-based company, is in the business of distributing satellite television broadcasts throughout the United States. It does this by relaying digital signals from within the United States up to satellites hovering thousands of miles above earth. Those signals are then broadcast back to earth, where they are captured by a fixed outdoor satellite dish that is connected by cable to an indoor satellite receiver. The satellite receiver is in turn connected by cable to a television monitor.

Directv's signals are encrypted to prevent unauthorized reception and use of Directv's broadcasts. A programmable "access card" contained within the satellite receiver is used to unscramble the signals. The access card is about the size of a credit card. Directv programs the access card electronically to unscramble portions of the satellite signal so that a subscriber can view the specific television channels (or listen to audio programs) to which he has subscribed. When a subscriber wants to view programming on a limited basis (such as a pay-per-view movie or a special sporting event), he can do so by ordering the program through the remote control or through a phone call. The access card records these purchases and communicates the information to Directv.

Despite the encryption technology used to protect Directv's signal, there are many individuals in the United States and other countries involved in the development of devices and equipment (including the illegal programming of valid access cards) used to pirate Directv's signals ("Pirate Access Devices"). In general, the Pirate Access Devices provide the user with access to all of Directv's satellite programming with no payment to Directv. Directv's main revenue source is from

subscriptions paid by authorized users of its signals. It has a significant interest in preventing the unauthorized receipt and use of its satellite programming.

During the past few years, Directv has conducted several raids on businesses that market and sell Pirate Access Devices. The information from these raids has led Directv to the individuals purchasing and using the devices. On or about May 25, 2001, with the cooperation of local law enforcement, Directv obtained shipping records and other documents from a mail shipping facility used by major distributors of Pirate Access Devices. On or about September 2001, Directv obtained shipping records, e-mail communications and other records from one Pirate Access Device distributor in particular, operating under the name of "Whiteviper" and/or "Whiteviper Technologies" ("Whiteviper"). The records indicate that each of the defendants purchased one or more Pirate Access Devices from Whiteviper at different times. The defendants' activities violate federal telecommunication and wiretapping laws and state law.

Directv has brought a five-count complaint against these defendants. Defendants Lewis and Vanderploeg have each filed a motion to dismiss or sever for improper joinder under Federal Rule of Civil Procedure ("Rule") 21. In addition, they have each moved under Rule 12(b)(6) to dismiss Count III (violation of Electronic Communications Privacy Act, 18 U.S.C. § 2512) and Count V (conversion under Illinois law).

## Discussion

We address first the motions to dismiss of Lewis and Vanderploeg, or alternatively, to sever under Rule 21. They argue that Directv has not met the requirements set forth in Rule 20(a) for permissive joinder. Under Rule 20(a), joinder of defendants in one action is permitted if: (1) the

plaintiff asserts "any right to relief [jointly, severally, or in the alternative] arising out of the same transaction [or occurrence]"; and (2) "if any question of law or fact common to all defendants will arise in the action." Misjoinder occurs when a plaintiff fails to satisfy either requirement. The district court has wide discretion to decide whether joinder in any given situation is proper. *See Rice v. Sunrise Express*, 209 F.3d 1008, 1016 (7th Cir. 2000).

In their motions, Lewis and Vanderploeg focus on plaintiff's failure to satisfy the first prong of Rule 20(a), the "same transaction" requirement. According to Lewis, the complaint alleges only similar wrongs by a group of separate and unrelated defendants. It does not suggest a particular reason why these defendants have been grouped together in this action. Each defendant's actions, says Lewis, were independent, discrete acts. He continues, saying "[t]here is no allegation of any conspiracy, joint action, or other facts to tie the conduct of all [d]efendants together transactionally, as required by Rule 20(a)." (Lewis Mot. to Sever at 3.) Vanderploeg makes a similar argument, saying that the "alleged wrongful actions were taken by different people on separate occasions under different circumstances" and that Directv does not allege that Vanderploeg has acted in concert with the other defendants. (Vanderploeg Mot. to Sever at 1, 3.)

Directv responds that it has satisfied the requirements of Rule 20(a). As for the first prong, Directv links the defendants through the following: (1) they all purchased Pirate Access Devices through the same distribution center in California; (2) the purpose of the Pirate Access Devices they purchased was the same; and (3) they all purchased Pirate Access Devices during the same time period.[1] Directv also argues that it will present similar evidence against each defendant, including

---

[1] In its memoranda, Directv says that all defendants purchased the Pirate Access Devices within the same three-month period. (Response to Lewis Mot. to Sever at 6; Response to Vanderploeg Mot. to Sever at 6.) However, the complaint suggests that the purchases took place over a twelve-month period. (Compl. ¶¶ 18, 20 (alleging that defendant Chivini purchased one or more Pirate Access Devices in February 2001 and defendant Dybas purchased one or more

similar testimony about the purchasing and operation of the Pirate Access Devices. It argues that permissive joinder rules should be interpreted broadly in the interest of judicial economy.

Directv says that it has also satisfied the second prong of Rule 20(a). It has asserted the same legal claims against each defendant, alleging that they each purchased multiple Pirate Access Devices through the same distribution center for the same purpose. According to Directv, it has established that common questions of law or fact exist.

Even keeping in mind that the purpose of permissive joinder under Rule 20(a) is judicial economy, *see Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000), we do not agree that Directv has satisfied Rule 20(a)'s requirements. Directv alleges that each defendant bought one or more Pirate Access Devices from Whiteviper through the same distribution center and that they each violated the same laws, but there the similarities end. There is no allegation that defendants acted in concert with each other or that they even knew each other before being named in this suit. *See Directv v. Patel*, 2003 WL 22669031, at *1 (N.D. Ill. Nov. 10, 2003) (finding misjoinder under similar fact scenario); *Movie Sys., Inc. v. Abel*, 99 F.R.D. 129, 130 (D. Minn. 1983) (to satisfy Rule 20(a)'s "same transaction" requirement in case involving unlawful pirating of microwave signals, "allegation of joint action is required"). Allegations of similar statutory violations do not satisfy the "same transaction" requirement. *Directv v. Davlantis*, 2003 WL 22844401, at *2 (N.D. Ill. Nov. 26, 2003).

Defendants, each apparently acting on his own and at different times, purchased various types of devices which were used in different ways. The facts that relate to Lewis's alleged violations of law with respect to Pirate Access Devices will be different from those that relate to Vanderploeg

---

Pirate Access Devices on or about March 22, 2000).)

(and, for that matter, the other defendants). With respect to each defendant, a jury will be deciding whether he "actually ordered, possessed, manufactured, assembled, modified, and/or used each device in dispute, or converted Directv's satellite communications, and whether each such device or behavior violates" the law. *Directv v. Delaney*, 2003 U.S. Dist. Lexis 24262, at *16 (N.D. Ill. Nov. 20, 2003) (in similar case finding misjoinder, court determined that the "jury's resolution of . . . fact-specific questions as to any given defendant is completely independent of its tasks in answering those questions with regard to the other defendants"). The claims against each defendant therefore do not arise from the same transaction or occurrence.[2] *Id. See also Directv v. Smith*, No. 03C3540, Minute Order (N.D. Ill. Sept. 18, 2003) (Directv failed to show any relationship among defendants nor did it indicate how receiving similar equipment from same shipper was "relevant to the defendant's alleged misappropriation of its satellite signals"); *Movie Sys., Inc.*, 99 F.R.D. at 130 (under Rule 20(a), transactions must be the same, not just similar). Directv has not satisfied the "same transaction" requirement of Rule 20(a). Accordingly, joinder of these defendants is improper.

Finding that the requirements of Rule 20(a) have not been met, we must decide a proper remedy. Under Rule 21, we may either dismiss defendants without prejudice or sever them from this action. *See* Fed. R. Civ. P. 21 ("parties may be dropped or added by order of the court . . . on such terms as are just"); *Directv v. Delaney*, 2003 U.S. Dist. Lexis, at *19 (noting that either dismissal or severance could be appropriate). Directv says that a possible statute of limitations problem may ensue if Lewis and Vanderploeg are dismissed without prejudice. It argues that in such a case, the

---

[2] We are not alone in our findings. Lewis has cited to eight decision in the Northern District of Illinois where Directv has made the same claims against groups of defendants and our colleagues have found misjoinder. (Lewis Reply at 4-5.) *See also Directv v. Delaney*, 2003 U.S. Dist. Lexis, at *18 n.4 ("of the district courts that have squarely confronted Directv's attempt to join parties in a [similar manner], we were unable to find any that allowed joinder of the parties under these circumstances").

misjoined defendants should be severed. Lewis and Vanderploeg argue for dismissal. They say that, given the number of courts that have found misjoinder under similar circumstances and have dismissed all but the first-named defendant, Directv knew of the risks in filing this suit against these unrelated defendants.

We are duty-bound to sever claims rather than dismiss defendants if a dismissal would bring statute of limitations consequences. *Elmore*, 227 F.3d at 1012. Although the issue is not directly before us now, we acknowledge that a potential issues exists and conclude that severance is the proper remedy for Directv's misjoinder of defendants.[3] *See also* Fed. R. Civ. P. 21 ("misjoinder of parties is not ground for dismissal of an action").

---

[3] On March 3, 2004, defendant Kurnyta was dismissed from the case. Also on that day a default judgment was entered against defendant Cornell.

## Conclusion

For the reasons stated above, we deny Lewis and Vanderploeg's motions to dismiss under Rule 21 but grant their motions to sever. Pursuant to Rule 21, we also sever remaining defendants Chivini, Dybas, Stewart, Toda and Toomer. Only the first named defendant, Robert Adrian, shall remain a party to this suit. Directv is allowed to file individual lawsuits against each defendant. At the time of any such refiling, the Clerk of the Court is instructed to terminate the corresponding defendant from this case. Lewis and Vanderploeg's motions to dismiss Counts III and V are moot.

ENTER:

UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT

DATED: **MAY 17 2004**