Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6366 | **DATE** | 7/19/2004 |
| **CASE TITLE** | DIRECTV, Inc. vs. Robert Adrian | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Robert Adrian's motion to dismiss (50-1) is granted as to Count III and is denied as to Count V. Accordingly, Count III is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | **Document Number** |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 2 2 2004 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | 57 |
| | Mail AO 450 form. | 7/19/2004 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| CW courtroom deputy's initials | | 2004 JUL 19 PM 4:57 Date/time received in central Clerk's Office | CW6 mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIRECTV, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 6366 |
| ) | Paul E. Plunkett, Senior Judge |
| ROBERT ADRIAN, ) | |
| ) | |
| Defendant.[1] ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendant for, among other things, his alleged violations of the Wiretap Act, 18 U.S.C. § 2510, et seq. Defendant has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss Counts III and V of the complaint. For the reasons set forth below, the motion is granted in part and denied in part.

## Background

Plaintiff is a California-based company that distributes satellite television broadcasts across the United States. (Compl. ¶ 2.) To prevent unauthorized reception of its broadcasts, plaintiff uses encryption technology to scramble the signals. (Id. ¶ 3.) The signals are unscrambled by a device plaintiff calls an "Access Card," which is installed in the satellite receivers of its customers. (Id. ¶¶

---

[1] The other individuals plaintiff named as defendants were severed from this suit on May 17, 2004.

1

3-4.) Plaintiff alleges that defendant Adrian purchased and used illegal pirate devices, which unscrambled plaintiff's signals and gave him access to plaintiff's programming free of charge. (Id. ¶¶ 5-6, 17.)

In Count III of the complaint, plaintiff seeks damages from Adrian for his alleged possession of the pirating devices under 18 U.S.C. §§ 2512, 2520. In Count V, plaintiff seeks damages from Adrian for his alleged conversion of plaintiff's property. Adrian has moved to dismiss both counts, claiming that neither states a claim on which relief can be granted.

### The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### Discussion

In Count III, plaintiff alleges that defendant violated 18 U.S.C. § ("section") 2512, which prohibits knowing and intentional possession of any device that is primarily used for "surreptitious interception of wire, oral, or electronic communications." 18 U.S.C. § 2512(1)(b). Plaintiff seeks damages for that violation through section 2520, which provides:

> [A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

2

18 U.S.C. § 2520(a). Defendant contends that the private right of action created by section 2520 extends only to violations of section 2511, which prohibits the intentional interception of electronic communication, not to violations of section 2512.

Defendant's argument is based primarily on the Fourth Circuit's decision in Flowers v. Tandy Corp., 773 F.2d 585 (4th Cir. 1985). In Flowers, a woman whose husband had taped her telephone conversations sought damages under section 2520 from the company that sold him the recording device. A jury awarded her substantial damages on the claim, and the company appealed.

The Fourth Circuit reversed. In its view, the statute provided a cause of action only against those who illegally intercept communications (i.e., violators of section 2511), not against those who manufacture or possess a pirating device (i.e., violators of section 2512). Id. at 589.

Plaintiff says Flowers is distinguishable from this case in two respects. First, the Flowers court was interpreting a different version of section 2520, which said: "Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall . . . have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications." Id. at 588 n.2. Because the statute now says that anyone whose communication is intercepted "in violation of this chapter may . . . recover [damages] from the person . . . [who] engaged in that violation," plaintiff argues, a violation of *any* section of the Wiretap Act can be redressed through section 2520. Second, unlike the defendant in Flowers, the defendant in this case is alleged to have violated both sections 2511 and 2512. Thus, plaintiff says, it states a viable claim even under the Flowers court's logic.

Though there are a number of district court decisions that support plaintiff's argument, see, e.g., DirecTV, Inc. v. Dyrhaug, No. 03 C 8389, 2004 WL 626822 (N.D. Ill. Mar. 26, 2004);

3

DirecTV, Inc. v. Gatsiolis, No. 03 C 3534, 2003 WL 22669033 (N.D. Ill. Nov. 10, 2003), the language of the statute does not. Section 2520 permits any person "whose wire, oral, or electronic communication is intercepted . . . in violation of this chapter" to sue the person who "engaged in that violation." Read in context, the phrase "engaged in that violation" refers to the illegal interception or use. Thus, the plain language of that section limits the class of plaintiffs to those whose communications have been illegally intercepted, and the class of defendants to those who do the illegal intercepting.

Moreover, though the statute has changed since Flowers was decided, the vitality of that case has not. In its Flowers-era incarnation, section 2520 permitted those whose communications were "intercepted . . . in violation of this chapter" to sue those "who intercept[ed], disclose[d], or use[d], or procure[d] any other person to intercept, disclose, or use such communications." Flowers, 773 F.2d at 588 n.2. In other words, the statute imposed liability not only on those who did the intercepting, but on those who procured the interceptions as well. Subsequently, Congress removed the reference to procurers from section 2520. Because that amendment contracted, not expanded, the class of section 2520 defendants, the Fourth Circuit's holding that violations of section 2512 are not actionable under section 2520 is still sound.

Our analysis echoes that of the Eleventh Circuit in DirecTV, Inc. v. Treworgy, No. 03-15313, 2004 WL 1317849 (11th Cir. June 15, 2004), a case decided just last month. In Treworgy, as in this case, DirecTV sought to recover damages under section 2520 for the defendant's alleged violation of section 2512. The plain language of the statute, the Eleventh Circuit said, precluded such a claim:

> [S]ection 2520(a) properly defines both the victims for whose benefit the remedy exists and the offenders for whom liability is owed. The plaintiff is "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" 18 U.S.C. § 2520(a). The defendant

4

> is "the person or entity which engaged in that violation." Id. The phrase "which engaged *in that violation*" makes apparent the intent of Congress to limit liability to a certain class of defendants. 18 U.S.C. § 2520(a) (emphasis added). Congress chose to confine private civil actions to defendants who had "intercepted, disclosed, or intentionally used [a communication] in violation of . . . chapter [119 of title 18]." Id.

2004 WL 1317849 at *3. Like the Treworgy court, we find no support in the statute for plaintiff's claim.

The fact that plaintiff alleges defendant violated both sections 2511 and 2512 does not change the result. Illegal interception, a violation of section 2511, is the touchstone of a section 2520 claim; it requires nothing more and can survive with nothing less. Plaintiff has alleged a section 2520 claim predicated on defendant's alleged interceptions in Count II of the complaint. The fact that defendant is alleged to have violated section 2511 by using a device prohibited by section 2512 does not transform the section 2512 violation into an independent claim.

In short, this Court, like the Fourth and Eleventh Circuits, is not persuaded that section 2520 creates a cause of action against violators of section 2512 of the Wiretap Act. Thus, the claim plaintiff asserts against defendant in Count III of the complaint is dismissed.

In Count V, plaintiff alleges that defendant is liable for conversion. To state a claim for conversion, plaintiff must allege that he has an absolute right to immediate possession of certain property, that he made a demand for possession and that defendant wrongfully assumed control or dominion over the property. Cirrincione v. Johnson, 703 N.E.2d 67, 70 (Ill. 1998). Though plaintiff has made the requisite allegations, defendant contends that its claim must be dismissed because: (1) intangible property cannot, as matter of law, be the subject of a conversion claim; and (2) even if it could, plaintiff has not alleged that defendant's interception of the signals caused plaintiff to lose all control over them.

Whether intangible property can be converted is an unsettled question in Illinois. The Illinois Supreme Court has not squarely decided the issue, though it has stated that "an action for conversion [ordinarily] lies only for personal property which is tangible." In re Thebus, 483 N.E.2d 1258, 1260 (Ill. 1985) (internal quotation marks and citation omitted). Moreover, in at least one case, the Illinois Appellate Court has interpreted that statement as an absolute prohibition on conversion claims for intangibles: "Our supreme court has stated that an action for conversion lies only for personal property that is tangible or at least represented by or connected with something tangible." Bilut v. Northwestern Univ., 692 N.E.2d 1327, 1334 (Ill. App. Ct. 1998) (citing Thebus). However, the appellate court also has, on more than one occasion, refuted that notion. See Stathis v. Geldermann, Inc., 692 N.E.2d 798, 807 (Ill. App. Ct. 1998) ("In this State, . . . parties may recover for conversion of intangible assets."); Conant v. Harris, 520 N.E.2d 757, 763 (Ill. App. Ct. 1987) (upholding conversion claim based on theft of confidential information).

Though the question is a close one, we think the latter cases represent the better approach. As our court of appeals noted in FMC Corp. v. Capital Cities/ABC, Inc., 915 F.2d 300 (7th Cir. 1990):

> The conception that an action for conversion lies only for tangible property capable of being identified and taken into actual possession is based on a fiction on which the action of trover was founded – namely, that the defendant had found the property of another which was lost – and that such conception has become, in the progress of law, an unmeaning thing which has been discarded by most courts.

Id. at 304-05 (internal quotation marks, alterations and citations omitted). Indeed, the court said, "the modern trend of state law" is to protect intangible business assets through conversion actions. Id. at 305. Plaintiff alleges that its satellite signals are the primary asset of its business. (Compl. ¶¶ 2-5.) It should be able to redress the theft of that asset, regardless of the form it takes.

6

We also not believe that defendant's failure to exercise exclusive control over the signals defeats the conversion claim. The essence of conversion is "the exercise of control by the defendant over the chattel in a manner inconsistent with the plaintiff's right of possession." Dickson v. Riebling, 333 N.E.2d 646, 648 (Ill. App. Ct. 1975); see FMC, 915 F.2d at 304 (stating that "[t]he gist of conversion is the interference with control of the property") (internal quotation marks, citation and emphasis omitted). Because defendant's alleged interception of plaintiff's signals was inconsistent with plaintiff's ownership rights, plaintiff's conversion claim may stand.

## Conclusion

For the reasons stated above, defendant Adrian's motion to dismiss Counts III and V of the complaint is granted in part and denied in part. The motion is granted as to the claim asserted in Count III, which is dismissed with prejudice. The motion is denied as to the claim asserted in Count V.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

**DATED:** **JUL 19 2004**